IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NOMOS CORPORATION, :
:
    Plaintiff, :
:
v. : Civil Action No. 98-788 JJF
:
BRAINLAB USA, INC., :
:
    Defendant. :

### MEMORANDUM ORDER

Pending before the Court is the Renewed Motion To Have This Case Declared Exceptional Under 35 U.S.C. § 285 (D.I. 127) filed by BrainLAB USA, Inc. ("BrainLAB"). For the reasons discussed, BrainLAB's Motion will be denied.

### BACKGROUND

NOMOS Corporation ("NOMOS") filed this lawsuit on December 30, 1998, charging BrainLAB with infringing U.S. Patent No. 5,411,026 ("the '026 patent"). The '026 patent discloses a method and apparatus for verifying the position of a cancerous lesion on a patient's body by comparing the location of the lesion as depicted in a CT scan with the position of the lesion as depicted in an ultrasound image.

In September 2000, BrainLAB filed a motion for summary judgment, arguing that BrainLAB did not infringe the two independent claims (1 and 6) of the '026 patent. In response, the Court ordered the parties to file briefs on the proper construction of the terms in claims 1 and 6. In their responsive

briefs, the parties proposed the function and the corresponding structure that performed that function for element (a) of claim 1 - the "means for generating at least one ultrasound image of the lesion in the patient's body." The parties also construed element (b) of claim 1. NOMOS contended that this element had 2 parts: a means-plus-function limitation, and a "whereby" clause concerning the ability to compare the lesion's position in an ultrasound image and a radiation therapy plan. (D.I. 133, Ex. 3 at 8.)

In its claim construction Opinion, the Court adopted the corresponding structures for the "means for generating" element (a) and for element (b) as proposed by BrainLAB, and the construction of the "whereby" clause for element (b) as proposed by NOMOS. In response to the Court's <u>Markman</u> ruling, BrainLAB renewed its Motion For Summary Judgment (D.I. 95). NOMOS opposed the summary judgment motion based on evidence in the form of a declaration from it expert, Professor Steven R. Eisenbarth.

After the parties completed briefing on the summary judgment motion, NOMOS provided the Court with a claim construction Order for the '026 patent recently issued in <u>NOMOS Corp. v. Zmed, Inc.</u> by the United States District Court for the District of Massachusetts. BrainLAB called to the Court's attention the fact that NOMOS advocated to the Massachusetts District Court a different claim construction with regard to the "means for

generating" and the "whereby" clause than it had to this Court. (D.I. 133, Ex. 5 at A1070 and 1077.)  This Court declined to consider the Zmed Order because it found that the issues presented in that case were not identical to those presented in the case before it, and because decisions of the Massachusetts court did not bind the Court. (D.I. 133, Ex 6 at 1, n. 1.)

The Court granted BrainLAB's motion for summary judgment of non-infringement of the '026 patent.  (D.I. 105.)  NOMOS sought review with regard to claim 1 in the United States Court of Appeals for the Federal Circuit.  NOMOS urged the Federal Circuit to adopt the construction of the "whereby" clause that NOMOS had proposed to the Massachusetts District Court, and which had been adopted in the Zmed case.  NOMOS offered two legal bases for doing so: 1) there is an exception in the waiver cases for matters of pure law involving fundamental unfairness; (See D.I. 133, Ex. 8 at 16.) and 2) there was a need for uniform claim interpretation between inconsistent constructions.

The Federal Circuit reached only the first claim construction limitation, the "means for generating" clause, affirming this Court's claim construction and judgment of non-infringement.  The Federal Circuit did not address issues of waiver and judicial estoppel in its opinion.

## PARTIES' CONTENTIONS

By its motion, BrainLAB asks the court to find this litigation exceptional and to award BrainLAB its attorneys' fees pursuant to 35 U.S.C. § 285.  BrainLAB contends that NOMOS's arguments on appeal demonstrate that its infringement arguments before the Court were grossly negligent and manifestly unreasonable.  BrainLAB argues that even under NOMOS's original, proposed claim construction, BrainLAB's product did not infringe the '026 patent.  BrainLAB further argues that the NOMOS's pre-filing investigation was grossly negligent, and that, given the Court's claim construction, NOMOS's continued assertions of infringement were frivolous.

In response, NOMOS contends that NOMOS's arguments to the Federal Circuit with regard to the claim construction do not demonstrate NOMOS conducted a grossly negligent investigation prior to filing the lawsuit.  NOMOS contends that it reasonably believed that BrainLAB infringed the '026 patent both prior to filing the lawsuit, and after the Court issued its claim construction Order.  Therefore, NOMOS contends that it did not act in bad faith by commencing and continuing the litigation.

Attorneys' fees may be awarded to the prevailing party in a patent case if a court finds the case to be exceptional. 35 U.S.C. § 285.  Among the types of conduct that may render a case "exceptional" are "inequitable conduct before the P.T.O.,

misconduct during litigation, vexatious or unjustified litigation, and frivolous suit." Standard Oil Co. v. Am. Cyanamid Co., 774 F.2d 448, 455 (Fed.Cir. 1985)(citing Beckman Instruments, Inc. v. LKB Produkter AB, 892 F.2d 1547, 1551 (Fed.Cir. 1989)). A frivolous infringement suit is one which the patentee knew or, on reasonable investigation, should have known, was baseless. See Eltech Systems Corp. v. PPG Industries, Inc., 903 F.2d 805, 810, 14 USPQ2d 1965, 1969 (Fed.Cir. 1990). The party who seeks an award of attorney fees has the burden of proving the exceptional character of the case by clear and convincing evidence. Reactive Metals & alloys Corp. v. Esm. Inc., 769 F.2d 1578, 1582 (Fed. Cir. 1985). Once a court determines that a case is exceptional, a court may exercise its discretion to award reasonable attorneys fees to the prevailing party. Mach. Corp. of Am. v. Gullfiber AB, 774 F.2d 467, 470 (Fed.Cir. 1985).

  In the Court's view, the Court cannot conclude that NOMOS's filing of this action was done without investigation or in bad faith, or that the arguments presented in its submissions were without any basis in law or fact. The Court finds that BrainLAB has not put forth clear and convincing evidence that would persuade the Court to find an abuse of the judicial process by NOMOS, and therefore, the Court must deny BrainLAB's request for attorneys' fees.

In essense, the Court concludes that BrainLAB has not established by clear and convincing evidence that NOMOS is guilty of the type of conduct that warrants a case being declared "exceptional."

Although the Court considers some of NOMOS's conduct troublesome, such as NOMOS's proposed claim construction in the Massachusetts <u>Zmed</u> litigation, overall, NOMOS's litigation conduct was typical of conduct in contentious patent litigation. Additionally, the Court did adopt portions of NOMOS's proposed claim construction, which demonstrates that NOMOS's claim construction position in the instant litigation was not totally without merit.

## CONCLUSION

In sum, applying a clear and convincing standard to the record requires the Court to conclude that BrainLAB has not carried its burden and its application must be denied. For these reasons, the Renewed Motion To Have This Case Declared Exceptional Under 35 U.S.C. § 285 (D.I. 127) filed by Defendant BrainLAB is **DENIED**.

March 8, 2005
DATE

_____
UNITED STATES DISTRICT JUDGE